## In re NEVIN TRANSIT, Inc.

District Court, S. D. New York.
Aug. 19, 1936.

W. Morton Carden, of New York City, for debtor.

Joseph L. Barnett, of New York City (Edwin M. Slote, of New York City, of counsel), for claimants.

LEIBELL, District Judge.

The Michalsons (Ethel and William) have filed claims against the debtor, Nevin Transit, Inc., a corporation, in reorganization under section 77B of the Bankruptcy Act (11 U.S.C.A. § 207), for personal injuries growing out of alleged negligence in the operation of a bus which they claim was owned, operated, and controlled by the debtor. The claim is contested by the debtor. The claimants have adduced proof of the accident and injuries before the special master herein, but have not thus far been able to prove ownership, operation, and control by the debtor of the bus in question. Before concluding their case, they wish an examination of the debtor "before trial," as they call it, for the purpose of discovering evidence to overcome the present defect in their proof. They have therefore moved this court for an order directing "the debtor, by one of its officers or its attorney, or any other witnesses," to appear for examination before trial.

A suit was heretofore brought in this court against Nevin Bus Lines, Inc., another corporation, upon the same claim now asserted against Nevin Transit, Inc., the debtor herein. Said suit was later discontinued after the liquidator of the Consolidated Indemnity & Insurance Company had allowed the claim in the sum of $5,000. As part of that settlement, the claimants gave a general release to the liquidator and to the Nevin Transit, Inc., the debtor herein. The effect of that release, however, is not before me for determination, but those facts may account

for some of the difficulty of the claimants in establishing ownership, operation, and control of the bus by the debtor herein.

There appears to be no authority or precedent for the relief asked upon this application. The witnesses sought to be examined before trial can be called in the regular way at the hearing before the special master. If the claimants find it necessary to call officers of the debtor, their testimony will not be binding upon claimants. The claimants are not thereby prevented from showing that the witnesses are mistaken and that the facts are otherwise. Standard Water Systems Co. v. Griscom-Russell Co. (C.C.A.) 278 F. 703, 704.

The motion herein is accordingly denied.